UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RIDING FILMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> DOES 1 - 44, <br><br> Defendants. | Case No.  C13-0277TSZ-RSL <br><br> ORDER TO SHOW CAUSE AND QUASHING SUBPOENAS |

This action was filed on February 13, 2013.  It is one of forty-eight copyright infringement actions filed during a four month period by attorney Richard J. Symmes against approximately 2,323 individual Doe defendants.  The forty-four defendants in this case are represented by IP addresses linked to on-line sharing of the movie "Dawn Rider" between 2:03 am on October 9, 2012, and 11:50 pm on October 16, 2012.  Although the evidence of internet activity shows that hours, if not days, separated each defendant's allegedly infringing conduct, plaintiff alleges that all forty-four defendants participated in a single "swarm" utilizing interactive peer-to-peer file transfer technology protocol called a BitTorrent to illegally copy and share "Dawn Rider."  Plaintiff affirmatively alleges that the "swarm" aspect of the file-sharing justifies joinder of these disparate defendants in a single lawsuit.

ORDER TO SHOW CAUSE AND
QUASHING SUBPOENAS - 1

1           On February 22, 2013, the Court granted plaintiff's motion to initiate early
2   discovery, including the issuance of subpoenas under Fed. R. Civ. P. 45 to internet
3   service providers, in an attempt to identify each Doe defendant.  No defendants have filed
4   objections to the subpoenas.  Despite the fact that more than two months have elapsed
5   since discovery was authorized, there is no indication that any defendants have been
6   served, nor has plaintiff amended its complaint to identify the Doe defendants.

7           All BitTorrent cases filed in the Western District of Washington have been
8   referred to the undersigned for pretrial handling.  As the full extent of this assignment has
9   become clear, the Court admits to some concerns regarding both the appropriateness of
10  joinder and the possibility that the judicial authority of the United States may be used to
11  wrest improvident settlements from pro se litigants under threat of huge statutory
12  penalties.  The Court is not alone:  other judicial officers in the Ninth Circuit are beset by
13  the same concerns and have taken various paths to mitigate the potential for abuse.  See,
14  e.g., Ingenuity 13 LLC v. John Doe, No. 2:12-cv-9333-ODW(JCx) (C.D. Cal. May 6,
15  2013); Voltage Pictures, LLC v. Does 1-12, No. 2:13-292-AA (D. Or. May 4, 2013).

16          Having reviewed the record in this and related cases as well as the relevant
17  case law, it is hereby ORDERED as follows:

18      1.  Any and all subpoenas issued in the above-captioned matter are hereby
19  QUASHED.  Plaintiff shall immediately notify the subpoena recipients that they need not
20  respond.

21      2.  To the extent plaintiff has obtained identifying information regarding one or
22  more Doe defendants, whether through the service provider, defendant, or another source,
23  it shall not utilize that information in any way.  If plaintiff has already contacted one or
24  more of the defendants, it shall file under seal all correspondence or other written
25  communications (including emails) sent to defendants and a summary of any oral
26

communications.  Plaintiff shall refrain from any further oral or written communications with defendants unless expressly approved by the Court in advance.

3. Plaintiff shall, within fourteen days of the date of this Order, show cause why the above-captioned matter should not be dismissed as to all defendants other than Doe 1 for improper joinder and/or pursuant to the Court's inherent authority to control its docket.

4. Plaintiff shall, within fourteen days of the date of this Order, provide additional information regarding (a) Riding Films, Inc.'s ownership of the copyright at issue and (b) Riding Films, Inc's direct and indirect members/owners/stakeholders.  Plaintiff shall provide a copy of any and all transfer statements and/or work-for-hire agreements supporting a determination that Riding Films, Inc. has standing to pursue this action.  Plaintiff shall also supplement the corporate disclosure statement filed in this action (Dkt. # 2) by providing the registration information for NGN Productions, Inc. maintained by the Secretary of State and identifying all members/owners/stakeholders of NGN Productions, Inc., both direct and indirect, in the form of an organizational tree that reaches back far enough to reveal all individual members/owners/stakeholders and publicly-traded corporations.

5. With the exception of the actions specifically set forth in this Order, the above-captioned matter is hereby STAYED.

The Clerk of Court is directed to place this Order to Show Cause on the Court's calendar for Friday, May 31, 2013.

Dated this 15th day of May, 2013.

Robert S. Lasnik
United States District Judge

ORDER TO SHOW CAUSE AND
QUASHING SUBPOENAS - 3